UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER C. HENDRIX,<br><br>                    Plaintiff,<br><br>        v.<br><br>CITY OF MADERA, et al.,<br><br>                    Defendants. | Case No.  1:23-cv-01212-JLT-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(Doc. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Alexander C. Hendrix ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this action on August 24, 2023.  (Doc. 1.)  Plaintiff's complaint is currently before the Court for screening.

**I.      Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

1   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
2   Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as
3   true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,
4   572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

5         To survive screening, Plaintiff's claims must be facially plausible, which requires
6   sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
7   for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret
8   Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully
9   is not sufficient, and mere consistency with liability falls short of satisfying the plausibility
10  standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

11  **II.    Summary of Plaintiff's Allegations**

12        Plaintiff brings this action against Defendants: (1) City of Madera, (2) Madera Police
13  Department, and (3) Officer Lori Alva.

14        On January 11, 2023, Plaintiff (then known as Alexander Grimaldi) went to the Madera
15  Services to report that he had been raped.  The victims' advocate called the Madera Police
16  Department and said Plaintiff Alexander wanted to report a rape. Officer Lori Alva arrived and
17  realized that Plaintiff was a male and began to interrogate him.  She used Plaintiff's age against
18  him, said that "you are a grown man" and you should be clearer with his partners.  Officer Alva
19  tried to intimidate Plaintiff and asked why he had an erection during the rape, the other person
20  could say Plaintiff did something. She continually made excuses during the interview.  Officer
21  Alva reported falsely in her report that he only reported the rape because he was worried the
22  woman would report it first. She also falsely reported that Plaintiff had said that the first and third
23  time Plaintiff and the other person had sex was consensual, when Plaintiff repeatedly had told her
24  that only the first time, and no other time, was consensual.  She coerced Plaintiff into agreeing
25  with Officer Alva's version.

26        Officer Alva asked Plaintiff's race and when Plaintiff said he was black, Officer Alva said
27  he did not look black.  She refused to take evidence from Plaintiff, or witness information.  She
28  "took evidence from suspect a video made by Plaintiff on August 19, 2022," and made her

conclusions from that video. Plaintiff had made the video when he was in the midst of a mental health issue. Officer Alva did not follow up after interviewing the suspect. Officer Alva wrongly concluded about the type of sex Plaintiff and the suspect had, but Plaintiff has text messages from the suspect contrary to Officer Alva's conclusions. She failed to collect DNA evidence, and lied about receiving an email from Plaintiff attaching evidence. Officer Alva's report stated that Plaintiff was not the victim of sexual assault. The district attorney did not file charges based on Officer Alva's investigation and report.

Plaintiff then made an official complaint with the Madera Police Department. The internal investigation by Madera Police Department found the report justified. The investigation did not address questioning into Plaintiff's race, failure to collect evidence or other such questions.

In claim 1, Plaintiff alleges a Fourth Amendment violation. Officer Alva coerced Plaintiff into saying that he was only raped once by the suspected, but had told Officer Alva that the second and third times were not consensual.

In claim 2, Plaintiff alleges a violation of the Fourteenth Amendment Equal Protection and substantive Due Process. Officer Alva discriminated against Plaintiff when she commented on his race as if his being black was unbelievable. She also commented "I don't know if you are one of those that doesn't like the police." She discriminated against his gender saying "you are a grown man." She denied his Equal Protection when she refused to take evidence, failed to turn over evidence, collected evidence only from the suspect, failed to follow up with Plaintiff, and when she could not believe he was a victim of sexual assault.

In claim 3, Plaintiff allege a First Amendment violation for Retaliation. Plaintiff asserts that Lori Alva, and possibly others at the Madera Police Department retaliated against him for reporting a serious crime and "[s]uch retaliation would infringe upon the plaintiff's first amendment right, undermining their ability to freely express their concerns and experiences without facing adverse consequences." Officer Alva used the video Plaintiff had made during a mental health struggle to show that Plaintiff could not have been raped.

In claim 4, Plaintiff alleges emotional distress. The investigation involved intimidating

and aggressive questioning, insensitive remarks, violation of privacy and dignity, etc.

In claim 5, Plaintiff alleges negligence in mishandling evidence, bias and discriminatory remarks, inadequate investigation.

In claim 6, Plaintiff alleges obstruction of justice for bias and discrimination, mishandling evidence, failure to follow up, inaccurate report.

In claim 7, Plaintiff alleges municipal liability. Plaintiff alleges a failure to train and supervise related to Defendant Alva's conduct.

As remedies, Plaintiff seeks injunctive relief to prevent further violations by implementing training and polices for fair and unbiased investigations. Plaintiff seeks a declaration that his right have been violated. Plaintiff also seeks compensatory and punitive damages.

**III.   Discussion**

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted. As Plaintiff is proceeding in pro se, the Court will allow Plaintiff an opportunity to amend his complaint to the extent he can do so in good faith. To assist Plaintiff, the Court provides the relevant pleading and legal standards.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

If Plaintiff files an amended complaint, it should be a short and plain statement of his claims and include factual allegations that identify what happened, when it happened, and who was involved. Fed. R. Civ. P. 8.

///

### B. Fourth Amendment

It is unclear what Plaintiff alleges is the Fourth Amendment violation. A Fourth Amendment claim cannot be based merely on "an officer's erroneous assumptions about the evidence he has received," or on "[o]missions or misstatements resulting from negligence or good faith mistakes." *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009) (citation omitted); *see also United States v. Smith*, 588 F.2d 737, 739-40 (9th Cir. 1978) (stating that an officer "made certain erroneous assumptions on the basis of the information he received; but this does not amount to the reckless inclusion of false statements in his affidavit"); *Rhabarian v. Cawley*, 2013 WL 4049600, at *9 (E.D. Cal. Aug. 7, 2013) (noting that "a merely sloppy investigation culminating in a search warrant – without a showing of deliberation or recklessness – will not support a judicial-deception claim"), report and recommendation adopted, 2014 WL 546015 (E.D. Cal. Feb. 11, 2014), aff'd, 701 F. App'x 676 (9th Cir. 2017).

To the extent Plaintiff is alleging he was coerced into certain statements, there is no constitutional right to be interviewed in any particular way. *See Devereaux v. Abbey*, 263 F.3d 1070, 1077 (9th Cir. 2001) (en banc) (noting interviewers "must be permitted to exercise some discretion in deciding when to accept initial denials at face value and when to reject them (or withhold judgment on them) and proceed further").

### C. Fourteenth Amendment - Due Process

Plaintiff alleges that a failure to investigate his claim that he was raped adequately; however, a failure to investigate is not a basis for a plausible § 1983 claim. There is no constitutional right for an adequate investigation. *See Devereaux*, 263 F.3d 1070, 1075 (9th Cir. 2011) ("[T]here is no constitutional due process right to have ... [an] investigation carried out in a particular way."); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *Page v. Stanley*, 2013 WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much

less a 'thorough' investigation or a particular outcome")  Indeed, *Devereaux* suggests that investigators must enjoy some measure of constitutional discretion when gauging the truthfulness of the various players in an investigation. *See Devereaux*, 263 F.3d at 1077.

To the extent Plaintiff's argument intends to raise a claim for failure to collect or preserve evidence, that claim also fails. A failure to collect or preserve evidence "does not violate the Due Process Clause unless the officer acted in bad faith." *Cunningham v. City of Wenatchee*, 345 F.3d 802, 812 (9th Cir. 2003). "Failing to follow guidelines or to carry out an investigation in a manner that will ensure an error-free result is one thing; failing to collect or preserve evidence in bad faith is quite another." *Richards v. Cnty. of San Bernardino*, No. 19-56205, 2022 WL 2292830, at *2 (9th Cir. June 24, 2022).  Officer Alva had no affirmative duty to investigate the situation in the manner Plaintiff demanded.

### D. Fourteenth Amendment - Equal Protection

The Equal Protection Clause requires the State to treat all similarly situated people equally. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). This does not mean, however, that all persons must receive identical treatment and resources. *See Cruz v. Beto*, 405 U.S. 319, 322 n. 2, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993); *Allen v. Toombs*, 827 F.2d 563, 568–69 (9th Cir. 1987).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that ' "the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,' " (citing *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Department of Agr.,* 553 U.S. 591, 601-02, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff has not stated a cognizable equal protection claim. Plaintiff does not allege that

he was discriminated against because of his membership in any protected class. He also does not allege factual support that he was intentionally treated differently than other similarly situated persons without a rational relationship to a legitimate state purpose. Plaintiff has not provided any factual support for this claim. *Fletcher v. Clendenin*, No. 1:22-CV-00249 AWI BAM, 2022 WL 2791480, at *5 (E.D. Cal. July 15, 2022) (Equal Protection claim dismissed for failure to allege factual support for denial of treatment based on membership in a protected class). "[A]n inadequate investigation by police officers is not sufficient to state a § 1983 claim unless another recognized constitutional right is involved, such as failure to protect against discrimination." *Sexual Sin De Un Abdul Blue v. City of Los Angeles*, 2010 WL 890172, at *6 (C.D. Cal. Mar. 8, 2010)

### E. *Monell* Liability

A local government agency can be held liable under Section 1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, or where the action is made pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels." *Jackson v. Barnes*, 749 F.3d 755, 762-63 (9th Cir. 2014) (quoting *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691 (1978)).

A local government's inadequate training of its agents or employees "may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "*Monell* liability is at its most tenuous where a claim turns on failure to train." *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1167 (9th Cir. 2022) (internal quotation marks omitted). To allege a failure to train or supervise, "a plaintiff must include sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained [or supervise] their employees." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153–54 (9th Cir. 2021).

Plaintiff has not alleged sufficient facts to support a municipal liability claim. Plaintiff's conclusory allegation that Officer Alva as not adequately trained is not sufficient. Additionally, a plaintiff must generally allege a pattern of similar constitutional violations by untrained employees to demonstrate deliberate indifference for purposes of failure to train. *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

Here, the underlying constitutional violation involved one employee (Alva) and interviews related to the reported crime. However, Plaintiff's general and conclusory allegations do not suffice to demonstrate that any particular policy or practice of the County was the "moving force" behind any of the particular violations alleged here. *See Monell*, 436 U.S. at 694; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

### F. First Amendment - Retaliation

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283–84 (1977). Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights. *Perry v. Sindermann*, 408 U.S. 593, 597 (1972). Thus, a claim may be stated under § 1983 where a plaintiff alleges retaliation by state actors for the exercise of his First Amendment rights. *Mt. Healthy*, 429 U.S. at 283–84. The plaintiff must show that the type of activity he was engaged in was protected by the First Amendment and that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts. *Id.* at 287.

To state a claim for First Amendment retaliation against a government official, a plaintiff must allege that (1) he engaged in constitutionally protected activity, (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Mulligan v. Nichols*, 835 F.3d 983, 988 (9th Cir. 2016).

Plaintiff must allege factual support as to each of the elements of a claim for retaliation as to each responsible Defendant. The allegations are unclear that Plaintiff engaged in protected conduct for which he was retaliated.

### G. Government Tort Claims Act

Plaintiff alleges several claims under state law. Plaintiff has failed to allege compliance with the Government Torts Claims Act ("Act"). The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2. When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007). Plaintiff has not done so here.

In addition, under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first state a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, the Court will not screen Plaintiff's state law claims.

### H. Declaratory Relief

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Vill.*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and

afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

**IV.    Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a complaint form;

2.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3.    If Plaintiff fails to file an amended complaint in compliance with this order, then

the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **August 30, 2023**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE