UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER C. HENDRIX,<br><br>             Plaintiff,<br><br>     v.<br><br>CITY OF MADERA, et al.,<br><br>             Defendants. | Case No.  1:23-cv-01212-JLT-BAM<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 5)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Alexander C. Hendrix ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this action on August 24, 2023.  (Doc. 1.)  The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend.  Plaintiff's first amended complaint is currently before the Court for screening.  (Doc. 5.)

**I.      Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff brings this action against Defendants: (1) City of Madera, (2) Madera Police Department, and (3) Officer Lori Alva.

Plaintiff claims violations of the Fourth Amendment, Fourteenth Amendment, and First Amendment.  Plaintiff alleges as follows.

On January 11, 2023, Plaintiff (then known as Alexander Grimaldi) went to the Madera Services to report that he had been raped.  The victims' advocate called the Madera Police Department and said Plaintiff Alexander wanted to report a rape. Officer Lori Alva arrived and realized that Plaintiff was a male, her demeanor changed, and she began to interrogate him.  She used Plaintiff's age and sex against him, said that "you are a grown man" and you should be clearer with his partners.  Officer Alva tried to intimidate Plaintiff and asked why he had an erection during the rapes. "Officer Alva's victim blamed and her conduct was discriminatory in nature" [sic].

Officer Alva made remarks such as "well she could say you did something to her," to intimidate Plaintiff.  Officer Alva reported falsely in her report that Plaintiff only reported the rape because he was worried the woman would report it first. Plaintiff alleges that body cam footage will show that only Alva said anything of this nature.  Alva made excuses for the suspect such as "maybe she didn't hear you" when Plaintiff said that he told the perpetrator "no."

2

Plaintiff told Alva that the first time was consensual sex, but the second and third times were not consensual. Officer Alva led Plaintiff in questioning by repeatedly saying that the first and third time Plaintiff and the other person had sex was consensual. Plaintiff repeatedly had told her no that it was only the first time, and no other time, was consensual. Officer Alva coerced Plaintiff into agreeing with Officer Alva's version.

Officer Alva asked Plaintiff's race and when Plaintiff said he was black, Officer Alva said "you don't look black." She said something about Black Lives Matter, and said "I don't know if you are one of those that doesn't like the police." She refused to take evidence from Plaintiff, or witness information. She took evidence from the suspect who happens to be a white woman.

In Alva's report, she stated that Plaintiff and the suspect did not have penis to vagina sex, however "in evidence emailed to Officer Alva text from the suspect [] show that they did." Plaintiff emailed a batch of photographic evidence to Officer Alva who said she did not receive the email. Plaintiff resent the evidence, and Officer Alva failed to turn it over to the District Attorney. Officer Alva's report is the sole reason the District Attorney did not pick up the charges.

Plaintiff then filed an official complaint with the Madera Police Department. The internal investigation by Madera Police Department found the report justified. The investigation found that what Plaintiff claimed happened during the interrogation did in fact happen, but it was "justified." The investigation failed to explain what is justified about questioning into Plaintiff's race, about not collecting evidence in a rape case, failing to send evidence to the district attorney or questioning Plaintiff's loyalty to the police. Officer Alva discriminated against Plaintiff because of his age, sex, and race. As a result, Plaintiff has suffered emotional distress and humiliation.

Plaintiff seeks compensatory damages for emotional distress, humiliation, and other harms suffered. Plaintiff also seeks punitive damages.

**II.     Discussion**

Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983.

///

3

### A. Fourth Amendment

It appears Plaintiff alleges is the Fourth Amendment violation for improper interrogation. A Fourth Amendment claim cannot be based merely on "an officer's erroneous assumptions about the evidence he has received," or on "[o]missions or misstatements resulting from negligence or good faith mistakes." *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009) (citation omitted); *see also United States v. Smith*, 588 F.2d 737, 739-40 (9th Cir. 1978) (stating that an officer "made certain erroneous assumptions on the basis of the information he received; but this does not amount to the reckless inclusion of false statements in his affidavit"); *Rhabarian v. Cawley*, 2013 WL 4049600, at *9 (E.D. Cal. Aug. 7, 2013) (noting that "a merely sloppy investigation culminating in a search warrant – without a showing of deliberation or recklessness – will not support a judicial-deception claim"), report and recommendation adopted, 2014 WL 546015 (E.D. Cal. Feb. 11, 2014), aff'd, 701 F. App'x 676 (9th Cir. 2017).

To the extent Plaintiff is alleging he was coerced into certain statements, there is no constitutional right to be interviewed in any particular way. "[M]ere allegations that Defendants used interviewing techniques that were in some sense improper, or that violated state regulations, without more, cannot serve as the basis for a claim under § 1983." *See Devereaux v. Abbey*, 263 F.3d 1070, 1075, 1077 (9th Cir. 2001) (en banc) (noting interviewers "must be permitted to exercise some discretion in deciding when to accept initial denials at face value and when to reject them (or withhold judgment on them) and proceed further"). Plaintiff has been unable to cure this deficiency.

### B. Fourteenth Amendment - Due Process

Plaintiff alleges a failure to investigate his claim that he was raped adequately. However, a failure to investigate is not a basis for a plausible § 1983 claim. There is no constitutional right for an adequate investigation. *See Devereaux*, 263 F.3d 1070, 1075 (9th Cir. 2011) ("[T]here is no constitutional due process right to have ... [an] investigation carried out in a particular way."); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *Page v. Stanley*, 2013 WL

4

2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome").  Indeed, *Devereaux* suggests that investigators must enjoy some measure of constitutional discretion when gauging the truthfulness of the various players in an investigation. *See Devereaux*, 263 F.3d at 1077.

To the extent Plaintiff's argument intends to raise a claim for failure to collect or preserve evidence, that claim also fails. A failure to collect or preserve evidence "does not violate the Due Process Clause unless the officer acted in bad faith." *Cunningham v. City of Wenatchee*, 345 F.3d 802, 812 (9th Cir. 2003). "Failing to follow guidelines or to carry out an investigation in a manner that will ensure an error-free result is one thing; failing to collect or preserve evidence in bad faith is quite another." *Richards v. Cnty. of San Bernardino*, No. 19-56205, 2022 WL 2292830, at *2 (9th Cir. June 24, 2022).  Officer Alva had no affirmative duty to investigate the situation in the manner Plaintiff demanded.

### C. Fourteenth Amendment - Equal Protection

The Equal Protection Clause requires the State to treat all similarly situated people equally. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). This does not mean, however, that all persons must receive identical treatment and resources. *See Cruz v. Beto*, 405 U.S. 319, 322 n. 2, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993); *Allen v. Toombs*, 827 F.2d 563, 568–69 (9th Cir. 1987).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that ' "the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,' " (citing *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Department of Agr.*, 553 U.S. 591, 601-02, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d

580, 592 (9th Cir. 2008).

Plaintiff has not stated a cognizable equal protection claim. Plaintiff does not allege that he was discriminated against because of his membership in any protected class. He also does not allege factual support that he was intentionally treated differently than other similarly situated persons without a rational relationship to a legitimate state purpose. Plaintiff has not provided any factual support for this claim. *Fletcher v. Clendenin*, No. 1:22-CV-00249 AWI BAM, 2022 WL 2791480, at *5 (E.D. Cal. July 15, 2022) (Equal Protection claim dismissed for failure to allege factual support for denial of treatment based on membership in a protected class). "[A]n inadequate investigation by police officers is not sufficient to state a § 1983 claim unless another recognized constitutional right is involved, such as failure to protect against discrimination." *Sexual Sin De Un Abdul Blue v. City of Los Angeles*, 2010 WL 890172, at *6 (C.D. Cal. Mar. 8, 2010). Officer Alva asked Plaintiff's race and commented on his appearance and Black Lives Matter. These allegations do not state a claim that Alva acted with an intent or purpose to discriminate against Plaintiff based upon membership in a protected class.

### D. *Monell* Liability

As Plaintiff was informed, a local government agency can be held liable under Section 1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, or where the action is made pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels." *Jackson v. Barnes*, 749 F.3d 755, 762-63 (9th Cir. 2014) (quoting *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691 (1978)). The plaintiff must: "(1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted to deliberate indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur." *Bou v. Cnty. of Riverside*, No. EDCV 20-593-GW-SPX, 2021 WL 3468941, at *3 (C.D. Cal. Mar. 24, 2021).

A local government's inadequate training of its agents or employees "may serve as the

basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "*Monell* liability is at its most tenuous where a claim turns on failure to train." *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1167 (9th Cir. 2022) (internal quotation marks omitted). To allege a failure to train or supervise, "a plaintiff must include sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained [or supervise] their employees." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153–54 (9th Cir. 2021).

Plaintiff has not alleged any facts to support a municipal liability claim. Plaintiff does not allege that an unconstitutional custom, practice, or policy violated any protected rights. The manner in which a municipality investigated a citizen's complaint fails to support a constitutional violation, without more factual allegations. Additionally, a plaintiff must generally allege a pattern of similar constitutional violations by untrained employees to demonstrate deliberate indifference for purposes of failure to train. *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

Here, the underlying constitutional violation involved one employee (Alva) and interviews related to the reported crime. However, Plaintiff's general and conclusory allegations do not suffice to demonstrate that any particular policy or practice of the County was the "moving force" behind any of the particular violations alleged here. *See Monell*, 436 U.S. at 694; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

**E.  First Amendment - Retaliation**

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283–84 (1977). Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights. *Perry v. Sindermann*, 408 U.S. 593, 597 (1972). Thus, a claim may be stated under § 1983 where a plaintiff alleges retaliation by state

1 actors for the exercise of his First Amendment rights. *Mt. Healthy*, 429 U.S. at 283–84. The
2 plaintiff must show that the type of activity he was engaged in was protected by the First
3 Amendment and that the protected conduct was a substantial or motivating factor for the alleged
4 retaliatory acts. *Id.* at 287.

5 To state a claim for First Amendment retaliation against a government official, a plaintiff
6 must allege that (1) he engaged in constitutionally protected activity, (2) as a result, he was
7 subjected to adverse action by the defendant that would chill a person of ordinary firmness from
8 continuing to engage in the protected activity, and (3) there was a substantial causal relationship
9 between the constitutionally protected activity and the adverse action. *Mulligan v. Nichols*, 835
10 F.3d 983, 988 (9th Cir. 2016).

11 As Plaintiff was informed, Plaintiff must allege factual support as to each of the elements
12 of a claim for retaliation as to each responsible Defendant. Plaintiff fails to include any factual
13 allegations that Plaintiff engaged in protected conduct for which he suffered an adverse action
14 which chilled his continuing to engage in the protected activity.

15 **F.  Government Tort Claims Act**

16 Plaintiff may be alleging claims under state law.  Plaintiff has failed to allege compliance
17 with the Government Torts Claims Act ("Act").  The Act requires that a party seeking to recover
18 money damages from a public entity or its employees submit a claim to the entity before filing
19 suit in court, generally no later than six months after the cause of action accrues.  Cal. Gov't Code
20 §§ 905, 911.2, 945, 950.2.  When a plaintiff asserts a claim subject to the Act, he must
21 affirmatively allege compliance with the claim presentation procedure, or circumstances excusing
22 such compliance, in his complaint. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007).
23 Plaintiff has not done so here.

24 In addition, under 28 U.S.C. § 1367(a), in any civil action in which the district court has
25 original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims
26 that are so related to claims in the action within such original jurisdiction that they form part of
27 the same case or controversy under Article III of the United States Constitution," except as
28 provided in subsections (b) and (c).  The Supreme Court has stated that "if the federal claims are

dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first state a cognizable claim for relief under federal law. 28 U.S.C. § 1367. Plaintiff has not stated a cognizable claim for relief under federal law.

## IV. Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff has failed to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 14, 2023**        /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE